IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:98-CR-00037-F-13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIE JEROME McRAE, | ) | |
| Defendant. | ) | |

This matter is before the court on Willie Jerome McRae's Motion to Discontinue Sentence from Jurisdictional Error [DE-847]. McRae argues that the sentence he received is so excessive that it amounts to a jurisdictional error.

McRae was one of twenty defendants named in a 38-count Indictment alleging drug and firearm offenses. *See* Indictment [DE-3]. McRae was charged in Counts One and Twenty-Nine. *Id.* In Count One, he was charged with conspiracy to distribute and to possess with intent to distribute cocaine base (crack), cocaine powder, heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* In Count Twenty-Nine, McRae was charged with using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *Id.* McRae exercised his right to trial, and he was convicted on Count One and acquitted on Count Twenty-Nine. [DE-282.]

On December 15, 1998, the court imposed a life sentence and a five-year term of supervised release. *See* Judgment [DE-366]. The court also imposed a $13,200 fine. *Id.* The Fourth Circuit Court of Appeals affirmed McRae's conviction and sentence. [DE-518.]

In his Motion to Discontinue Sentence from Jurisdictional Error, McRae states his

issues as follows: (1) Whether the district court committed a jurisdictional error by sentencing him above the statutory maximum of 20 years under § 841(B)(1)(C); and (2) Whether the district court committed a jurisdictional error by sentencing him above the mandatory minimum of 10 years under § 841(B)(1)(A).

Title 28 Section 2255 states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a). The undersigned concludes that the instant motion is properly construed as a § 2255.

As noted by McRae in his motion, he has previously filed at least one § 2255 motion. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, McRae must first obtain an order from the Fourth Circuit Court of Appeals before this court will consider any successive petition under 28 U.S.C. § 2255.

For the foregoing reasons, McRae's Motion to Discontinue Sentence from Jurisdictional Error [DE-847], which the undersigned has construed as a § 2255, is DENIED without prejudice to McRae to seek pre-filing authorization from the Fourth Circuit Court of Appeals.

The undersigned further concludes that McRae has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 21st day of March, 2013.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge